## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

NORTH AMERICAN TECHNICAL SERVICES,   :
INC.   :
      Plaintiff,   :
                                :      3:09-cv-1199 (CFD)
             v.   :
                                  :
RAE SYSTEMS EUROPE APS,   :
      Defendant.   :

## RULING ON MOTION TO COMPEL ARBITRATION

### I.      Introduction

This case arises out of a dispute between North American Technical Services (NATS), a sales company located in Middletown, Connecticut, and RAE Systems Europe (RAE), a seller of chemical and radiological products based in Denmark.  After the occurrence of a contract dispute between the parties, NATS seeks an order compelling arbitration.  RAE opposes this motion.

### II.      Background[1]

NATS and RAE entered into a contract whereby NATS would use its contacts in the Middle East to assist RAE with selling its products in the region.  Dated April 7, 2006, this agreement between the parties designated NATS as RAE's exclusive sales representative for specific products and programs within countries in the Middle East and Africa.  The contract also contained an arbitration provision, which stated that the agreement "shall be governed by and construed under the laws of the United States of America (USA)" and that any arbitration "will be conducted in USA pursuant to the US commercial arbitration rules."  See Civil Action No.

---

[1]Unless otherwise noted, these facts are taken from both parties' memoranda in support of and in opposition to the pending motion, as well as the accompanying exhibits and affidavits.

3:09-cv-1199, RAE Systems Europe Distributor Agreement, Docket # 1, Ex. 1, p. 9.

Shortly after finalizing the contract, the two sides encountered several disagreements. NATS seeks arbitration and requests that the arbitration take place in Connecticut.

## III.    Applicable Law and Discussion

The Federal Arbitration Act (FAA) extends to any agreement affecting interstate or foreign commerce.  See 9 U.S.C. §§ 1-2 (2000).  The statute provides a cause of action for any party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement."  9 U.S.C. § 4.  In a motion to compel arbitration, the court must first decide whether a valid arbitration agreement exists, and if so, whether one party to that agreement has failed or refused to arbitrate.  See PaineWebber Inc. v. Bybyk, 81 F.3d 1193, 1998 (2d Cir. 1996).

In this case, NATS has not shown that RAE refused to arbitrate the dispute.  Typically, a party has refused to arbitrate by an unequivocal refusal to arbitrate, by commencing litigation on an arbitrable issue, or by refusing an order from a valid authority which directs the parties to arbitrate.  See Downing v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 725 F.2d 192, 195 (2d Cir. 1984).  RAE has not engaged in the type of conduct that would amount to a refusal to arbitrate.  Representatives for NATS attempted to initiate arbitration through the American Arbitration Association (AAA) on July 20, 2009, but were not able to do so without the consent of RAE.  See Civil Action No. 3:09-cv-1199, Affidavit of Christopher R. Drury, Docket # 19, Ex. B, ¶¶ 6-10.  In an effort to secure such consent, they contacted RAE by telephone on July 28,

2009, but did not receive an immediate response.  <u>See</u> Civil Action No. 3:09-cv-1199, Affidavit of Glenn M. Cunningham, Docket # 19, Ex. A, ¶¶ 5-10.  NATS filed this motion that same day. The failure of RAE to immediately agree to a request to arbitrate within one business day does not amount to a refusal to arbitrate.  Accordingly, the motion to compel must be denied.

The contract in this case is governed by the Commercial Arbitration Rules of the AAA. <u>See</u> Civil Action No. 3:09-cv-1199, Affidavit of David Achterkirchen, Docket # 18, Attachment 1, ¶ 3.  The parties do not dispute this.  According to Rule 10 of the AAA's Commercial Arbitration Rules, the location of the arbitration is likely an arbitrable issue that should be determined by the AAA.  <u>See</u> American Arbitration Association, Commercial Rules of Arbitration, Rule 10.

## IV.  Conclusion

For the reasons set forth above, plaintiff's motion to compel arbitration [Dkt. #64] is DENIED, without prejudice.  The Clerk is directed to close this case.

SO ORDERED this  29th  day of December 2009, at Hartford, Connecticut.



 /s/ Christopher F. Droney

**CHRISTOPHER F. DRONEY**

**UNITED STATES DISTRICT JUDGE**